# EXHIBIT A

# Exhibit A-1

# Pleadings

FILED
6/24/2016 10:12:10 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

2 CITS/PPS  W/JD  M/O SAC 3

NO. **2016CI10593**

| | |
|---|---|
| MARIA GARZA, and § | |
| RUTH GARZA, § | IN THE DISTRICT COURT OF |
| § | |
| Plaintiffs, § | |
| v. § | BEXAR COUNTY, T E X A S |
| § | |
| MESA AIRLINES, INC., and § | |
| MESA AIR GROUP, INC., § | |
| § | |
| Defendants. § | **45**___ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

COME NOW, MARIA GARZA and RUTH GARZA, hereinafter referred to as "Plaintiffs," and file this Complaint for Personal Injuries and Damages against the Defendants, MESA AIRLINES, INC. and MESA AIR GROUP, INC. ("Defendants"), and allege as follows:

### I. DISCOVERY CONTROL PLAN

1.   Discovery is intended to be conducted under Level 2 of the Texas Rule of Civil Procedure 190.3. Plaintiffs affirmatively plead that they seeks monetary relief aggregating more than $50,000.

### II. PARTIES

2.   Plaintiff, MARIA GARZA, is a resident of Hidalgo County, Texas. At all times mentioned, MARIA GARZA was a resident of the Mission, Texas. Pursuant to Texas Rule of Civil Procedure § 30.014, the last three digits of MARIA GARZA's driver's license number are 470. The last three digits of MARIA GARZA's Social Security Number are 088.

3.   Plaintiff, RUTH GARZA, is a resident of Hidalgo County, Texas. At all times mentioned, RUTH GARZA was a resident of the McAllen, Texas. Pursuant to Texas Rule of Civil Procedure § 30.014, the last three digits of RUTH GARZA's driver's license number are 431. The last three digits of RUTH GARZA's Social Security Number are 953.

4. Defendant, MESA AIRLINES, INC. is a Nevada Corporation with its principal place of business in Arizona. It maintains a registered agent in Dallas County, Texas, where service of process may be had at CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5. Defendant, MESA AIR GROUP, INC. is a New Mexico Corporation with its principal place of business in Arizona. It maintains a registered agent in Dallas County, Texas, where service of process may be had at CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### III. JURISDICTION

6. This Court has jurisdiction over the parties in this case pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042 as the defendants, and each of them transact business in the state of Texas and committed torts in whole or in part in the state of Texas.

7. Texas District Court is proper and has jurisdiction over this matter because the amount in controversy exceeds the jurisdictional limits.

### IV. VENUE

8. Venue is proper in Bexar County District Courts because the nature of the cause of action accrued in part in Bexar County, Texas.

9. This suit arises from the negligent, willful and wanton, and grossly negligent operation of a commercial aircraft en route from San Antonio International Airport to Phoenix Sky Harbor International Airport.

## V. VICARIOUS LIABILITY

10. Whenever in this petition it is alleged that the Defendants committed any act or omission, it is meant that the Defendants' agents, officers, servants, borrowed servants, employees or representatives did such act or omission and that the time such act or omission was done, it was done with the full authorization or ratification of Defendants or was done in the normal and routine course and scope of employment of Defendants' officers agents, servants, borrowed servants, employees or representatives. The principals are vicariously liable for the acts and omissions of the agents because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

11. Specifically, Defendant Mesa Airlines, Inc. is intended as an agent of Mesa Air Group, Inc. The captain and first officer of Flight 2760 are intended as agents of Mesa Airlines, Inc. and Mesa Air Group, Inc.

## VI. RULE 28 NOTICE

12. To the extent that any of the above named Defendants are conducting business pursuant to a trade name or assumed name, then suit it brought against them pursuant to the terms of Rule 28, Texas Rules of Civil Procedure, and Plaintiffs hereby demand that upon answering this suit, that they answer in their correct legal name and assumed name.

## VII. FACTS

13. On July 1, 2014, Defendants were an air carrier doing business as, *inter alia*, Mesa Airways, Inc., an airline, operating under Part 121 of the Federal Aviation Regulations pursuant to Air Carrier Certificate Number MASA036A.

14. On July 1, 2014 and all times material, Defendants owned, operated, maintained, and through their agents and employees, the captain and first officer, controlled a Bombardier

3

CRJ900 aircraft operating as US Airways Flight 2760 between San Antonio International Airport (SAT) and Phoenix Sky Harbor International Airport (PHX). As such, Defendants owed the highest duty of care to passengers aboard Flight 2760, including the Plaintiffs.

15. Flight 2760 departed SAT at approximately 8:29 MDT. At that time, there were two Convective SIGMETs in effect, SIGMET 8C and SIGMET 10C, that showed thunderstorm lines impacting the intended route of Flight 2760. Forecast tops for the thunderstorm lines were at 45,000 feet. The pilot and first officer of Flight 2760 knew or should have known of these Convective SIGMETs.

16. The lines of thunderstorms identified in the SIGMETs were a source of severe or greater turbulence for any aircraft flying in the vicinity, and should have been avoided so as to avoid unnecessary injuries and/or death to the passengers and crew of Flight 2760.

17. Despite knowing about the danger of thunderstorms and notwithstanding their duties of care, the defendants through the acts and omissions of the captain and first officer of Flight 2760, negligently, willfully and wantonly, and/or with gross negligence, operated Flight 2760 such that it penetrated a line of thunderstorms, resulting in severe turbulence aboard the aircraft. Such operation of the aircraft was in violation of Mesa Airlines, Inc.'s Pilot Handbook, Flight Operations Manual, Standard Operating Procedures, and Training Manual, as well as Federal Aviation Regulation 14 CFR §91.13.

18. As a result of the severe turbulence, the Plaintiffs were violently thrown about the cabin of the aircraft, suffering severe injuries of a personal and pecuniary nature.

### VIII. CAUSES OF ACTION

#### COUNT 1 - GENERAL NEGLIGENCE, WILLFUL AND WANTON NEGLIGENCE, AND GROSS NEGLIGENCE *(Against All Defendants)*

19. Plaintiffs reassert and incorporate by reference each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein and further allege as follows:

20. At the time of Flight 2760, a special relationship existed between the Defendants as common carriers for hire providing transportation to the Plaintiffs, passengers aboard Flight 2760.

21. The captain and first officer of Flight 2760 knew or should have known in the exercise of reasonable care that the operation of a commercial flight in close proximity and/or into a thunderstorm line constituted an unreasonable risk of danger and harm to passengers aboard the flight.

22. Defendants were each negligent, willful and wanton, and/or grossly negligent on July 1, 2014 in one or more respects in connection with their operation of Flight 2760, when the captain and first officer failed to take reasonable measures to prevent the operation of Flight 2760 within close proximity, and indeed directly into, a line of thunderstorms.

23. Defendants' conduct amounts to gross negligence in that when viewed objectively from the standpoint of the actor at the time of its occurrence, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the actor had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## IX. INJURY

24. As a direct and proximate cause of Defendants' negligence, willful and wanton act and/or omissions, and gross negligence, Plaintiffs were injured. Had Defendants not been

negligent, willful and wanton in their acts and/or omissions, or grossly negligent, Plaintiffs would not have been injured.

## X. DAMAGES

25. As a direct and proximate result of the negligence, willful and wanton acts and/or omissions, and/or gross negligence of Defendants, Plaintiff MARIA GARZA suffered the following damages.

    a. Past and future pain and suffering;

    b. Past and future mental anguish;

    c. Past and future physical impairment;

    d. Past and future disfigurement;

    e. Past and future loss of earning capacity;

    f. Medical expenses that have been incurred in the past and these that will reasonably be incurred in the future;

    g. Pre judgment and post judgment interest;

    h. Exemplary damages, including but not limited to those governed by Section 41.008(c) of the Civil Practice and Remedies Code;

    i. Statutory damages;

    j. Any other damages allowed under the law and proved in the trial of this case.

26. As a direct and proximate result of the negligence, willful and wanton acts and/or omissions, and/or gross negligence of Defendants, Plaintiff RUTH GARZA suffered the following damages.

    a. Past and future pain and suffering;

    b. Past and future mental anguish;

    c. Past and future physical impairment;

   d. Past and future disfigurement;

   e. Past and future loss of earning capacity;

   f. Medical expenses that have been incurred in the past and those that will reasonably be incurred in the future;

   g. Pre judgment and post judgment interest;

   h. Exemplary damages, including but not limited to those governed by Section 41.008(c) of the Civil Practice and Remedies Code;

   i. Statutory damages;

   j. Any other damages allowed under the law and proved in the trial of this case.

## XI. PRAYER

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs are awarded:

1. Judgment against Defendants, jointly and severally, for actual damages in an amount in excess of the minimum jurisdictional limits of the Court, with prejudgment and post judgment interest at the maximum lawful rate beginning as soon as the current law permits. Plaintiffs seek monetary relief over $1,000,000.

2. Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal;

3. Costs of suit;

4. Exemplary damages, including but not limited to those governed by Section 41.008(c) of the Civil Practice and Remedies Code.

5. Further relief, special and general, at law and in equity, to which the Plaintiffs may show themselves justly entitled;

## XII. ENCLOSURES

The following exhibits are incorporated herein for all purposes. The undersigned will produce additional copies to all parties or their attorneys immediately upon request.

Jury Demand and Jury Fee.

   PLAINTIFFS DEMAND A JURY TRIAL

       Respectfully submitted,

       McGEHEE ✯ CHANG, BARNES, LANDGRAF

       /H.C. Chang
       H. C. Chang TBN 24031930
       10370 Richmond Ave., Suite 1300
       Houston, Texas 77042
       (713) 864-4000
       (713) 868-9393 fax

       *Admission pro hac vice anticipated*
       David E. Rapoport
       Matthew S. Sims
       **RAPOPORT LAW OFFICES, P.C.**
       20 North Clark St., Suite 3500
       Chicago, IL 60602
       Telephone: (312) 327-9880
       Fax: (312) 327-9881
       drapoport@rapoportlaw.com
       msims@rapoportlaw.com

NO. _____

| | |
|---|---|
| MARIA GARZA, and § | |
| RUTH GARZA, § | IN THE DISTRICT COURT OF |
| § | |
| Plaintiffs, § | |
| V. § | BEXAR COUNTY, TEXAS |
| § | |
| MESA AIRLINES, INC., and § | |
| MESA AIR GROUP, INC., § | |
| § | |
| Defendants. § | ____ JUDICIAL DISTRICT |

## JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs MARIA GARZA and RUTH GARZA in the above styled and numbered cause, and make this application and demand for jury trial of the cause.

Respectfully submitted,

McGEHEE ✭ CHANG, BARNES, LANDGRAF

/H.C. Chang
H. C. Chang   TBN 24031930
10370 Richmond Ave., Suite 1300
Houston, Texas 77042
(713) 864-4000
(713) 868-9393 fax


*Admission pro hac vice anticipated*
David E. Rapoport
Matthew S. Sims
**RAPOPORT LAW OFFICES, P.C.**
20 North Clark St., Suite 3500
Chicago, IL 60602
Telephone: (312) 327-9880
Fax: (312) 327-9881
drapoport@rapoportlaw.com
msims@rapoportlaw.com

9

## CERTIFICATE OF SERVICE

I certify that this document was permanently affixed to Plaintiffs' Original Petition and served in compliance with Rule 21a of the Texas Rules of Civil Procedure.

/H.C. Chang            June 22, 2016
H.C. Chang             Date

CAUSE NO. 2016-CI-10593

| | | |
|---|---|---|
| MARIA GARZA and RUTH GARZA, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § § | |
| v. | § § | 45TH JUDICIAL DISTRICT |
| MESA AIRLINES, INC., and MESA AIR GROUP, INC., | § § § § | |
| *Defendants*. | § § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Mesa Airlines, Inc. ("Mesa Airlines") and Mesa Air Group, Inc. ("Mesa Air Group") (together, "Mesa" or "Defendants") file their Original Answer and Affirmative Defenses, and would respectfully show the Court the following:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations in Plaintiffs' Original Petition, and Defendants demand strict proof thereof in accordance with the laws of the State of Texas.

### II. AFFIRMATIVE DEFENSES

Pleading further, and subject to the General Denial above, Defendants assert the following affirmative defenses:

1. Plaintiffs' damages, if any, were caused in whole or in part by Plaintiffs' own acts or omissions. Accordingly, Plaintiffs' proportionate responsibility should be considered by the trier of fact in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

2. Plaintiffs violated statutory and/or regulatory requirements, including but not limited to, 14 C.F.R. § 121.317(f).

3. Plaintiffs' damages, if any, were caused in whole or in part by the acts or omissions of third parties over whom Defendants exercised no control. Accordingly, the proportionate responsibility of all third parties should be considered by the trier of fact in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

4. Plaintiffs' damages were caused in whole or in part by an Act of God for which Defendants are not responsible.

5. Plaintiffs failed to mitigate their damages, if any.

6. Plaintiffs' claims are barred by the doctrine of laches.

7. Plaintiffs have failed to state a claim upon which relief can be granted.

### III. REQUEST FOR DISCLOSURE

Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Plaintiffs are hereby requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### IV. CONCLUSION AND PRAYER

For the foregoing reasons, Defendants pray that Plaintiffs take nothing by their claims, that Defendants recover all attorneys' fees, costs, and expenses incurred, and for such other and further relief, in law or in equity, to which they may be justly entitled.

Respectfully Submitted,

*/s/ Leane K. Capps*
Leane K. Capps
State Bar No. 00796301
Daniel D. McGuire
State Bar No. 24081282
POLSINELLI PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Tel.: (214) 661-5549
Fax: (214) 397-0033
lcapps@polsinelli.com
dmcguire@polsinelli.com

*Counsel for Defendants Mesa Airlines, Inc. and Mesa Air Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, the foregoing was served via the Court's electronic filing system and email in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the following counsel of record:

H.C. Chang
MCGHEE, CHANG, BARNES, LANDGRAF
10370 Richmond Ave., Suite 1300
Houston, Texas 77042
Tel. (713) 864-4000
Fax (817) 877-4204
hcchang@lawtx.com

*Admission pro hac vice anticipated*
David E. Rapoport
Matthew S. Sims
RAPOPORT LAW OFFICES, P.C.
20 North Clark St., Suite 3500
Chicago, IL 60602
Tel. (312) 327-9880
Fax: (312) 327-9881
drapoport@rapoportlaw.com
msims@rapoportlaw.com

*Counsel for Plaintiffs Maria Garza and Ruth Garza*

　　　　　　　　　　　　　　　　　　　*/s/ Daniel D. McGuire*
　　　　　　　　　　　　　　　　　　　Daniel D. McGuire

# Exhibit A-2 Process

PRIVATE PROCESS

Case Number: 2016-CI-10593

2016CI10593 S00002

MARIA GARZA ET AL
VS.
MESA AIRLINES INC ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MESA AIR GROUP INC
BY SERVING CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 24th day of June, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF JUNE A.D., 2016.

PETITION

H C CHANG
ATTORNEY FOR PLAINTIFF
10370 RICHMOND AVE 1300
HOUSTON, TX 77042



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Laura Ann Rodriguez*, Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
_____County, Texas

By:_____
OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
Declarant    ORIGINAL (DK002)

 **CT Corporation**

**Service of Process Transmittal**
07/13/2016
CT Log Number 529497132

**TO:** Gosia Ruderstaller
Mesa Air Group, Inc.
410 N 44th St Ste 700
Phoenix, AZ 85008-7690

**RE:** **Process Served in Arizona**

**FOR:** Mesa Air Group, Inc. (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Maria Garza and Ruth Garza, Pltfs. vs. Mesa Airlines, Inc. and Mesa Air Group, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Attachment(s), Certificate of Service |
| **COURT/AGENCY:** | Bexar County - 45th Judicial District Court, TX<br>Case # 2016CI10593 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 07/01/2014 - Bexar County, TX |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/13/2016 at 12:36 |
| **JURISDICTION SERVED:** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | H. C. Chang<br>McGehee Chang, Barnes, Landgraf<br>10370 Richmond Ave<br>Suite 1300<br>Houston, TX 77042<br>713-864-4000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 783587239831<br><br>Email Notification, Chris Pappaioanou chris.p@mesa-air.com<br><br>Email Notification, Gosia Ruderstaller gosia.ruderstaller@mesa-air.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3800 N Central Avenue<br>Suite 460<br>Phoenix, AZ 85012 |
| **TELEPHONE:** | 602-248-1145 |

Page 1 of 1 / DB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CT Packing Slip

**CT Corporation**

---

**FedEx Tracking # :** 783587239831
**Created By :** Vijay Nayi
**Created On :** 07/14/2016 09:55 AM
**Recipient :**

| Gosia Ruderstaller | |
|---|---|
| Title : | — |
| Customer : | Mesa Air Group, Inc. |
| Address : | 410 N 44th St Ste 700 |
| Email : | gosia.ruderstaller@mesa-air.com |
| Phone : | 602-685-4052     Fax : — |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 529497132 | 2016CI10593 | Mesa Air Group, Inc. |